Mr. Chief Justice ShaRkey
delivered the opinion of the court.
Both parties in this case claimed to derive title to the land in question from Andrew Hare. The question arises out of the law of descents entirely. The original patentee, Andrew Hare, died in 1799, leaving a son, John Hare, and the wife of Andrew, the mother of John Hare died in 1800. John Hare died in 1806, without issue. Daniel Hickey, the father of the plaintiff, was the uncle of Andrew Hare, the plaintiff, being his only heir. It was proved by the defendants, that John Hare, at the time of his death, had uncles and aunts, brothers and sisters of his mother, under whom the defendants claim possession. The only question, therefore, is whether the more remote relations of John Hare on the father’s side, through whom the land was acquired, shall be preferred to nearer relations on the mother’s side.
The act of 1803, of which the present law of descents is a copy, provides that in case there be no children of the intestate, or descendants of them, the land shall go to the father, if he be living, if not, to the mother; and if there be neither father nor mother living, then it “ shall descend in equal parts to the next of kin to the intestate in equal degree, computing by the rules of the civil law. No preference is given to the relations of one side over those of the other; nor is there any thing to justify the position taken, that the more remote relations by the blood of the first purchaser, shall inherit before nearer relations not of that stock. Computing by the rules of the civil law, Phehe Hunter and her brothers are but three degrees removed from John Hare, and Phillip Hickey is in the fifth degree. According to the statute, therefore, Phebe Hunter and her brothers were entitled to the inheritance, and the court below was correct in so charging the jury.
The judgment must be affirmed.
Mr. Justice Smith gave no opinion.